IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07mc64

| | |
|---|---|
| RICKY DEAN HARDEE, ) | |
|         Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|         Respondent. ) | |

THIS MATTER is before the Court upon Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document #5).

On May 29, 2007, Petitioner Hardee moved to Quash the IRS administrative summons that had been issued to three parties: First Charter, Belks, and Cynthia Bryant. On June 20, 1007, the IRS sent letters to each of these three parties withdrawing the summons. The United States then filed this Motion to Dismiss, which has been fully briefed.

Under Article II, § 2 of the Constitution, federal courts are limited in their jurisdiction to decide only those cases where there is a case or controversy. If there is no case or controversy, the case is moot and cannot be decided by a federal court.

The summons, which are the subject of the Motion to Quash, are no longer at issue, having been formally withdrawn on June 20, 2007. The action, therefore, is moot due to lack of case or controversy. *See Thompson v. United States*, 2007 U.S. Dist. LEXIS 29596, 99 AA A.F.T.R.2d (RIA) 3000 (N.D.Ga. 2007) (holding that because the IRS formally withdrew the summons, this action is moot); *Dame v. United States*, 643 F.Supp. 533, 534 (S.D.N.Y. 1986) (denying a motion to quash as moot after the summons was withdrawn).

Counsel for Petitioner does raise concerns that the IRS received information pursuant to the summons for First Charter prior to its withdrawal and the credibility of the agent regarding whether any acquired information has affected the investigatory process. In response, the United States submitted a sworn declaration by IRS Special Agent Ripley, stating that no records were received as a result of the summons to First Charter.

Given this statement, this Court does not agree that an evidentiary hearing is necessary. Even if this court were to find that Special Agent Ripley was not being honest in his sworn declaration, and the Court is certainly not prepared to make such a finding, there is no reason why Special Agent Ripley would share different information under oath in open court. Since the only impact this court could have on future proceedings would be to find that information was, in fact, received from the summons, and given that Special Agent Ripley has sworn to this Court that no information was received, there is no need for a hearing.

Since the subpoenas have been withdrawn, and the Court is satisfied that the withdrawal of the subpoenas have completely eradicated any effect of the alleged violation in the motion to quash, the Defendant's Motion to Dismiss is hereby GRANTED and the Petitioner's Motion to Quash is MOOT.

IT IS SO ORDERED.

Signed: October 15, 2007

Graham C. Mullen
United States District Judge